UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:02-00054 |
| | ) | JUDGE CAMPBELL |
| KEVIN C. NEAL | ) | |

## ORDER

Pending before the Court is a Motion For Relief Of A Watershed Rule Of Law (Docket No. 243), filed by the Defendant, pro se; and the Government's Response (Docket No. 245) thereto.

The Defendant was convicted, after a jury trial, of drug trafficking charges. (Docket Nos. 136, 138). The Court subsequently sentenced the Defendant to a total term of 240 months of imprisonment. (Docket Nos. 177, 178). The Defendant appealed his conviction and sentence, and the Sixth Circuit affirmed. (Docket No. 204).

Several years later, the Defendant filed a Motion to Vacate (Docket Nos. 1, 2 in Case No. 3:11-01176) pursuant to 28 U.S.C. § 2255. The Government moved to dismiss the motion to vacate as barred by the statute of limitations, and the Court granted the motion to dismiss. (Docket Nos. 20, 21 in Case No. 3:11-01176).

The Defendant subsequently filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure raising essentially the same claims as were raised in his Section 2255 motion to vacate. (Docket No. 29 in Case No. 3:11-01176). The Court determined that the motion should be construed as a "second or successive" habeas petition, and transferred the motion to the Sixth

Circuit to obtain authorization to proceed. (Docket No. 34 in Case No. 3:11-01176).

The Defendant filed another Rule 60(b) motion some months later, which the Court also transferred to the Sixth Circuit. (Docket Nos. 49, 50 in Case No. 3:11-01176).

Through the pending Motion, the Defendant seeks to vacate his sentence based on the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), which held that the finding that a defendant brandished a firearm, required for application of a mandatory minimum statutory sentence, must be found by a jury beyond a reasonable doubt. The Government argues that the Defendant's Motion should be construed as another second or successive habeas petition, and as such, should be transferred to the Sixth Circuit.

Under 28 U.S.C. §§ 2244(b)(3) and 2255(h), federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request. 28 U.S.C. § 2244; In re: Sims, 111 F.3d 45, 47 (6th Cir. 1997). A motion challenging the constitutionality or substance of the underlying conviction or sentence is considered a "second or successive" habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). See also In re: Nailor, 487 F.3d 1018 (6th Cir. 2007). On the other hand, if the motion raises some defect in the integrity of the federal habeas proceeding, such as fraud on the court, the motion is not to be construed as a successive habeas petition. Id.

A review of the pending Motion reveals that it seeks to challenge the constitutionality of the Defendant's conviction and/or sentence. Accordingly, the Court concludes that the Defendant's Motion should be construed as a second or successive habeas petition. Therefore,

the motion is hereby transferred to the Sixth Circuit Court of Appeals to obtain authorization to proceed, pursuant to 28 U.S.C. § 1631 and In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

    It is so ORDERED.

                                                             _____
                                                             TODD J. CAMPBELL
                                                             UNITED STATES DISTRICT JUDGE