UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-00054 |
| | ) | JUDGE CAMPBELL |
| KEVIN C. NEAL | ) | |

MEMORANDUM AND ORDER

Pending before the Court is a Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Docket 264), filed by the Defendant *pro se;* a supplemental brief (Docket No. 268), filed by counsel for the Defendant; and the Government's Response (Docket No. 272). Through his Motion, the Defendant requests a two-level reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment was given retroactive effect. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify
> a term of imprisonment once it has been imposed except that--

\* \* \*

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was convicted on June 26, 2003, after a jury trial, of drug trafficking charges. (Docket Nos. 136, 138). At sentencing, the Court determined that the statutory mandatory minimum sentence of 240 months applied because the Defendant was responsible for at least 13 kilograms of cocaine and had a prior conviction for a felony drug offense, under 21 U.S.C. § 841(b)(1)(A). (Docket Nos. 177, 178). The Defendant appealed his conviction and sentence, and the Sixth Circuit affirmed on February 21, 2006. (Docket No. 204).

As the Amended Presentence Investigation Report indicates, the Defendant remains subject to the statutory mandatory minimum sentence despite Amendment 782's two-level reduction to the Drug Quantity Table. See U.S.S.G. § 1B1.10, App. Note 1(A) (Statutory mandatory minimum is to be applied before determining whether the applicable guideline range has been lowered by a retroactive amendment); United States v. Kelley, 570 Fed. Appx. 525, 531

(6th Cir. 2014)("Accordingly, the amendments at issue do not lower Kelley's applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps his otherwise applicable guideline range."); United States v. McClain, 691 F.3d 774 (6th Cir. 2012).

Because the Defendant's sentence was not based "on a sentencing range that has subsequently been lowered," within the meaning of Section 3582(c)(2), his request for a sentencing reduction based on Amendment 782 is DENIED.[1]

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] Counsel for the Defendant suggests that the Defendant's prior conviction was dismissed by a state court in Texas on November 9, 2009, and that the mandatory minimum no longer applies. The Defendant has not established, however, that the Court has jurisdiction under 18 U.S.C. § 3582(c)(2) to consider such a challenge, or that he has otherwise satisfied the procedural requirements for challenging his sentence on those grounds. See, e.g., Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (20 05).